UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASWANT SINGH,<br><br>        Petitioner,<br><br>    v.<br><br>MICHAEL CHERTOFF, Secretary Dept. of Homeland Security, et al.,<br><br>        Respondents. | No. CV-07-0380-FVS<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

**THIS MATTER** comes before the Court on Petitioner's Petition For Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Ct. Rec. 3). Petitioner is represented by Martin Resendez Guajardo. Respondents are represented by Audrey Benison Hemesath and Ada E. Bosque.

**PROCEDURAL HISTORY**

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is being detained at Sacramento County Main Jail pending removal from the United States. The petition alleges that the continued detention of Petitioner violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment to the Constitution and is a violation of Respondents' statutory authority. (Ct. Rec. 3). On April 4, 2007, Respondents filed a response to the petition for writ of habeas corpus. (Ct. Rec. 8). On April 28, 2007,

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

Petitioner filed a traverse.  (Ct. Rec. 9).  A supplement to Petitioner's traverse was filed on February 25, 2008.  (Ct. Rec. 14).  Respondents filed a supplement to their response on December 2, 2008.  (Ct. Rec. 19).  The matter is now before the Court.

**BACKGROUND**

Petitioner is a native and citizen of India who was ordered deported *in absentia* on October 26, 1993.  Petitioner's motion to reopen was denied by an Immigration Judge on August 14, 2002.  Petitioner filed a second administrative motion to reopen on July 5, 2006.  This second motion was denied by an Immigration Judge, and the denial was affirmed by the Board of Immigration Appeals on December 19, 2006.  On January 3, 2007, a petition for review of this decision was filed with the Ninth Circuit and is presently pending.  Pursuant to his request, Petitioner received a stay of deportation in conjunction with his petition for review.

Petitioner has been in custody since June 7, 2006, and the Ninth Circuit's stay has been in effect since January 3, 2007.  On January 24, 2007, ICE conducted a post-order detention custody review and determined that Petitioner was to remain in custody as the delay in his deportation was due to the Ninth Circuit's stay.  On October 2, 2008, Petitioner received a bond hearing before an Immigration Judge. (Ct. Rec. 19 at 1).  The Immigration Judge denied bond.  (Ct. Rec. 19, Exh. A).

**DISCUSSION**

A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

of the Constitution . . . ." 28 U.S.C. § 2241(c)(3). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991), *quoting Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. However, the petition must "allege facts concerning the applicant's commitment or detention," 28 U.S.C. § 2242, and the petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).

Title 8 U.S.C. § 1231(a)(1) provides generally that except as otherwise provided in that section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of ninety days, the "removal period." Title 8 U.S.C. § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

In addition to those aliens found to be risks to the community or unlikely to comply with the order of removal, aliens subject to this detention provision include inadmissible aliens, criminal aliens, aliens who have violated their non-immigrant status conditions, and aliens removable for certain national security or foreign relations reasons. *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 2498 (2001).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 3

In *Zadvydas*, the United States Supreme Court found that the habeas corpus statute grants federal courts the authority to determine whether post-removal-period detention is pursuant to statutory authority. *Zadvydas*, 121 S.Ct. at 2491. In *Zadvydas*, in order to avoid serious doubts as to the constitutionality of § 1231(a)(6), the Court interpreted it not to permit indefinite detention, but rather to limit an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. *Zadvydas*, 121 S.Ct. at 2498. The Court determined that aliens, with the exception of excludables, who had been ordered removed had a liberty interest in being released subject to supervision which was strong enough to raise a serious question as to whether, irrespective of the procedures used, the Constitution permits detention that is indefinite and potentially permanent. *Id.* at 2502. Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute. *Id.* at 2503. The authority of the government to detain is thus coextensive with the reasonable likelihood of removal, and the question of the extent of that authority is for the federal judiciary to decide in proceedings pursuant to 28 U.S.C. § 2241(c)(3). *Id.* at 2503-2504. With respect to the process that this Court is to follow, the Court instructed:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

>may no doubt be returned to custody upon a violation of those conditions. *See supra*, at 2501 (citing 8 U.S.C. §§ 1231(a)(3), 1253 (1994 ed., Supp. V); 8 C.F.R. § 241.5 (2001)). And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period. *See supra*, at 2499.
>
>We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. (Citation omitted.) But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.
>
>Ordinary principles of judicial review in this area recognize primary Executive Branch responsibility. They counsel judges to give expert agencies decisionmaking leeway in matters that invoke their expertise. *See Pension Benefit Guaranty Corporation v. LTV Corp.*, 496 U.S. 633, 651-652, 110 S.Ct. 2668, 110 L.Ed.2d 579 (1990). They recognize Executive Branch primacy in foreign policy matters. *See Container Corp. of America v. Franchise Tax Bd.*, 463 U.S. 159, 196, 103 S.Ct. 2933, 77 L.Ed.2d 545 (1983). And they consequently require courts to listen with care when the Government's foreign policy judgments, including, for example, the status of repatriation negotiations, are at issue, and to grant the Government appropriate leeway when its judgments rest upon foreign policy expertise.

*Id.* at 2504.

In order to further uniform administration in the federal courts and to limit the frequency with which courts would be faced with difficult judgments regarding matters which are the subject of executive expertise, the Court adopted six months as a period within which detention is presumptively reasonable. *Id.* at 2504-2505. The Court instructed:

>After this [six]-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the "reasonably

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5

> foreseeable future" conversely would have to shrink.  This [six]-month presumption, of course, does not mean that every alien not removed must be released after six months.  To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

Here, Petitioner has been held in continuous post-removal custody by ICE since June 7, 2006.  Nevertheless, the Court concludes that Petitioner's request for habeas relief should be denied for three reasons.

First, as noted above, Petitioner has a petition for review currently pending before the Ninth Circuit and a stay of removal in conjunction with that petition has been administered pursuant to Petitioner's request.  Although the 90-day removal period generally begins to run upon the entry of a final order of removal, 8 U.S.C. § 1231(a)(1)(A), Petitioner, by seeking a stay and further review, has acted to prevent his removal.  The removal period is extended beyond the 90-day period when the alien acts to prevent his removal, and the alien "may" remain in detention during such extended period.  8 U.S.C. § 1231(a)(1)(C).  Once the Ninth Circuit issues a decision and dissolves the stay, the removal period begins anew and the agency has 90 days to remove the alien.  8 U.S.C. § 1231(a)(1)(B)(ii).  The 90-day removal period has been suspended in this case; therefore, Petitioner's continued detention is appropriate.

Second, Petitioner is not entitled to post-removal release under *Zadvydas*.  As discussed above, pursuant to *Zadvydas*, after the six-month presumptively reasonable period expires, an alien still must demonstrate there is no significant likelihood of removal in the

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 6

reasonably foreseeable future in order to obtain release. *Zadvydas*, 121 S.Ct. at 2503. Here, Petitioner has failed to demonstrate that his removal is not reasonably foreseeable. In fact, it appears the only obstacle preventing Petitioner's removal at present is the judicial stay he obtained in concert with his petition for review before the Ninth Circuit. Petitioner cannot now be heard to complain about circumstances which he has created. Petitioner's continued detention is not unreasonable under *Zadvydas*.

Third, Petitioner has received the relief he requested in the petition (Ct. Rec. 3)[1] and alternatively requested in Petitioner's traverse (Ct. Rec. 9)[2]. On October 2, 2008, Petitioner received a bond hearing before an Immigration Judge. (Ct. Rec. 19 at 1). Petitioner was denied bond by the Immigration Judge. (Ct. Rec. 19, Exh. A). Although Petitioner was not granted a release by the Immigration Judge, Petitioner's request for relief in the instant petition, a custody redetermination hearing before an immigration judge with the authority to release him on reasonable bond, is now moot.

///

///

---

[1] The petition requests that the Court "[i]ssue a writ of habeas corpus directing the Respondents to immediately schedule the Petitioner for an individualized custody redetermination hearing." (Ct. Rec. 3 at 21).

[2] Petitioner's traverse alternatively "prays for an order from this Court directing the Respondent to schedule the Petitioner for a custody redetermination hearing before an immigration judge with the authority to release him on reasonable bond." (Ct. Rec. 9 at 7).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 7

**CONCLUSION**

For the reasons stated above, Petitioner's detention pending his deportation from the United States is lawful and authorized by statute.  The Court being fully advised, **IT IS HEREBY ORDERED** Petitioner's Petition for Writ of Habeas Corpus (**Ct. Rec. 3**) is **DENIED**.  Judgment shall be entered in favor of Respondents and against Petitioner.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order, **enter judgment accordingly**, furnish copies to counsel and **Petitioner** and **CLOSE THE FILE**.

**DATED** this ___9th___ day of January, 2009.

S/Fred Van Sickle<br>
Fred Van Sickle<br>
Senior United States District Judge